UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LEON DOUGLAS FENNELL
LORI RENEE FISHER
c/o 1821 Hillandale Road, STE 1B-210
Durham, North Carolina [27705]
(919) 383-0104

    Plaintiffs,

V.

CASE NUMBER: 1:12CV1216

BRANCH BANKING & TRUST COMPANY, et. al.,
200 W. 2nd Street
Winston-Salem, NC 27101

CITIMORTGAGE, INC et. al.,
CITIGROUP MORTGAGE LOAN TRUST, INC et. al.,
1000 Technology Drive
O'Fallen, MO 63368

WELLS FARGO BANK, NA et. al.,
One Home Campus
Des Moines, IA 50328

    Defendants,

To the Honorable Judge, US District Court
United States District Court for the Middle District of North Carolina

## COMPLAINT

Pro se Plaintiffs LEON DOUGLAS FENNELL and LORI RENEE FISHER sues BRANCH BANKING & TRUST COMPANY et. al. for money damages, to include cancelation of all "mortgage debt", free and unencumbered title and return of promissory note, and states the following:

## I. JURISDICTION

1. This court has personal jurisdiction because all defendants have transacted business in this district along with committing acts that violate the False Claims Act in this district, see National Mortgage Settlement, UNITED STATES vs. WELLS FARGO BANK, NA (*Lending Discrimination Case*) and Press Release from THE UNITED STATES ATTORNEY'S OFFICE, Southern District of New York *(Manhattan U.S. Attorney Files Mortgage Fraud Lawsuit Against Wells Fargo Bank, N.A. Seeking Hundreds Of Millions Of Dollars In Damages For Fraudulently Certified Loans)*, (EXHIBIT A),

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) (1) and (2) and 31 U.S.C. § 3732(a).

## II. PARTIES

A. Plaintiff(s):

    LEON DOUGLAS FENNELL

    LORI RENEE FISHER

    c/o 1821 Hillandale Road, STE 1B-210

    Durham, North Carolina 27705

B. Defendant(s)

    BRANCH BANKING & TRUST COMPANY

    200 W. 2nd Street

    Winston-Salem, NC 27101

C. Additional Defendant(s)

>CITIMORTGAGE, INC, et. al.
>
>CITIGROUP MORTGAGE LOAN TRUST, INC et. al.
>
>1000 Technology Drive
>
>O'Fallen, MO 63368
>
>WELLS FARGO BANK, NA et. al.
>
>One Home Campus
>
>Des Moines, IA 50328

### III. STATEMENT OF CLAIM

3. On July 14, 2003, Plaintiff entered into mortgage agreement Loan#6612015951 for property located at 139 Jefferson Drive, Durham, North Carolina, with BRANCH BANKING & TRUST COMPANY. <u>Property legal description:</u> *Beginning all of Lot 4, Block E, as per plat and survey entitled, "Property of Gingerbread Inv. Co., Inc.," prepared by George C. Love, Jr., dated 7-29-64 and now on file in the Office of the Register of Deeds of Durham County in Plat Book 49, Page 87, to which plat reference is hereby made for a more particular description of same,* (MIN# 100159966120159511),

4. Plaintiffs performed in said agreement until discovery of undisclosed illegal activity by the Defendants,

5. That BRANCH BANKING & TRUST COMPANY along with CITIMORTGAGE, INC., CITIGROUP MORTGAGE LOAN TRUST, INC, WELLS FARGO BANK, N.A. have utilized the courts to commit Theft by Deception, Breached Fiduciary Duty, including

3

COMPLAINT

violating False Claims Act and violating the FIRREA,

6. That no valid contract was entered based upon some valuable consideration in which the BRANCH BANKING & TRUST COMPANY was providing,

7. The only valuable consideration given for the creation of the Deed of Trust is the Promissory Note by the signature,

8. 100% of the valuable consideration for the creation of the Trust was provided by the signature and the defendants sustained no loss and have no standing,

9. There is no expressed statement in the "loan agreement" showing that the Plaintiffs gave BRANCH BANKING & TRUST COMPANY authorization or permission to receive "cash value" (the Promissory Note) to fund the loan,

10. BRANCH BANKING & TRUST COMPANY has failed to provide Plaintiffs the audited (GAAP) accounting entries related to this alleged loan,

11. BRANCH BANKING & TRUST COMPANY has failed to provide Plaintiffs full disclosure regarding the audited accounting transactions of the Promissory Note,

12. A corporation cannot violate the law, contracts or GAAP (Generally Accepted Accounting Principles). By doing so, the contract is ultra vires-void,

13. Chain of Transfer of Promissory Note is broken and not perfect as said loan has been Securitized, see MORTGAGE FORENSIC SECURITIZATION ANALYSIS REPORT (Exhibit B),

14. The Note and the Deed of Trust must stay together at all times,

15. There must always be a clear and unambiguous chain of title that is traceable in public records for parties of interest in real estate,

16. The original Promissory Note has the only legally binding chain of title,

17. Without a proper chain of title the instrument is faulty,

18. BRANCH BANKING & TRUST COMPANY partnered with CITIMORTGAGE, INC, et. al., CITIMORTGAGE LOAN TRUST INC. et. al., & WELLS FARGO BANK, N.A. et. al. (securitization participants) in the securitization of the loan related to property address 139 Jefferson Drive, Durham, North Carolina,

19. The Pooling and Servicing Agreement (PSA) is defined as the legal contract of the Trust that outlines all of the responsibilities and obligations for the management and servicing of all the pooled mortgage loans (section 2.01),

20. In the case of the loan herein in question, the loan **never** went to the trust as the note is not endorsed to the Trust as required by the PSA (Article-II Section 2.01 and section 2.02),

21. Any Promissory Note presented to the Court must show that the proper chain of assignments took place and that the liens were perfected,

22. A complete chain of assignments must exist, each being adequate to deliver, sell, transfer, assign, set over and otherwise convey without recourse, all the rights, title and interest of the party that is endorsing the Promissory Note and Deed of Trust (Mortgage),

23. The Promissory Note, herein in question, must reveal a minimum of three (3) total endorsements since the loan originator cannot sell Plaintiff's Loan directly to the Trustee of the Trust,

24. Unless an asset is transferred into lifetime trust, the asset does not become trust property,

25. Any assignment of Mortgage, after cut-off date, without transfer of the underlying Promissory Note is a nullity,

26. BRANCH BANKING & TRUST COMPANY'S actions, related to said Note, that are

5

COMPLAINT

contrary to the trust agreement is VOID,

27. The Plaintiffs signed a Promissory Note and the investor received a BOND,

28. The Plaintiffs were not a party to the BOND transaction,

29. The Plaintiff's identity, personal information, was used without their knowledge, consent and permission,

30. BRANCH BANKING & TRUST COMPANY **did** properly respond to a <u>Good Faith Discovery Notice: Verification of Proof of Claim Requested</u> dated April 28, 2011 for "equity line" loan # 9012008365-6002 in connection with 139 Jefferson Drive, sent via certified mail # 7010 0290 0003 3805 1863 (Exhibit C),

31. BRANCH BANKING & TRUST COMPANY **refused to respond** to the same <u>Good Faith Discovery Notice: Verification of Proof of Claim Requested</u> in connection with loan # 6612015951, dated April 4, 2011 sent via certified mail#7010 0290 0003 3805 1887 and again sent on April 20, 2011 via certified mail # 7011 0110 0001 5346 7768 (Exhibit D),

32. BRANCH BANKING & TRUST COMPANY received communication from NORTH CAROLINA STATE ATTORNEY GENERAL in October of 2010 regarding the prevalent practice in the mortgage servicing industry called "robosigners" (EXHIBIT E),

33. BRANCH BANKING & TRUST COMPANY was contacted multiple times in attempts to discover the truth regarding **undisclosed facts** related to loan # 6612015951, see Affidavit of Truth & Notice of Fault and Opportunity to Cure and Contest Acceptance (Exhibit F),

34. The STATE OF NORTH CAROLINA is included, among other states, as party/plaintiff in the **National Mortgage Settlement** against the banks who were party/defendants,

6

COMPLAINT

Case 1:12-cv-01216-UA-LPA   Document 1   Filed 11/13/12   Page 6 of 11

including CITIMORGTAGE, INC., & WELLS FARGO BANK, N.A., that resulted in a consent judgment,

35. The action initiated in State court to Foreclose on Plaintiffs should be enjoined to this complaint to avoid a conflict of interest where the state (North Carolina) cannot adjudicate in the local case because they are party, moreover, plaintiff in suit that resulted in the aforementioned consent judgment and gives this court precedent to enjoin these cases so that justice can be properly rendered,

36. Plaintiff has suffered immense personal injury: spiritual, monetary, emotional and physical distress due to the prospect of being violently displaced, at the same time experienced deprivation of peace, loss of sleep including the right to pursue happiness as credit ratings were ruined because of fraudulent extortion of funds,

## IV.   RELIEF

37. WHEREFORE, Plaintiffs demands Judgment for money damages for Defendants to pay $14,000,000.00 (Fourteen Million Dollars), cancel all "mortgage debt", return title "deed of trust" as paid in full and return promissory note so that it does not continue to float, and granting such other and further relief as the Court may deem reasonable and just under the circumstances.

Respectfully submitted,

Signed this 13 day of November, 2012.

By: _____
LEON DOUGLAS FENNELL

By: _____
LORI RENEE FISHER

c/o 1821 Hillandale Road, STE 1B-210

Durham, North Carolina 27705

COMPLAINT

8

## ACKNOWLEDGMENT BY NOTARY PUBLIC

State of North Carolina )  *For Verification Purposes Only*
County of Durham )ss.

On November 13, 2012 before me, Marie A. Martin, Notary Public, personally appeared leon-douglas: fennell; and personally known to me (or proved to me on the basis of satisfactory evidence) to be the man/woman whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the man/woman acted, executed the instrument. WITNESS my hand and official seal.

Signature Marie A. Martin , Notary Public
Print Marie A. Martin

My Commission expires 9/29/2016 (Seal)

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action.

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 2718 Hillsborough Rd, Durham, **NORTH CAROLINA [ 27705 ]**.

On Nov. 13, 2012, I served the foregoing document(s) described as:

**COMPLAINT for Theft by Deception, Breached Fiduciary Duty, including violating False Claims Act and violating the FIRREA**

to the following parties:

See attached Service List

[X] (By U.S. Mail) I deposited such envelope in the mail at USPS with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] (By Facsimile) I served a true and correct copy by facsimile during regular business hours to the number(s) listed above. Said transmission was reported complete and without error.

I declare under penalty of perjury under the laws of the State of North Carolina that the foregoing is true and correct.

DATED: Nov 13, 2012

_____
NAME OF PERSON MAILING PAPERS

COMPLAINT

10

## SERVICE LIST

I certify that a copy of the foregoing was provided the following:

BRANCH BANKING & TRUST COMPANY, *et al.,*
200 W. 2nd Street
Winston-Salem, NC 27101

CITIMORTGAGE, INC, *et al.,*
CITIGROUP MORTGAGE LOAN TRUST, INC, *et al.,*
1000 Technology Drive
O'Fallen, MO 63368

WELLS FARGO BANK, NA
One Home Campus
Des Moines, IA 50328

By: /s/ *[signature]*
LEON DOUGLAS FENNELL